[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DATE OF SENTENCE: AUGUST 29, 1997 DATE OF APPLICATION: AUGUST 29, 1997 DATE OF APPLICATION FILED: SEPTEMBER 1, 1997 DATE OF DECISION: JUNE 26, 2001
Application for review of sentence imposed by the Superior Court, Judicial District of Fairfield at Bridgeport.
Docket Number 94-97135.
John R. Gulash, Jr., Esq., For the Petitioner.
Stephen J. Sendensky III, Esq. For the State of Connecticut.
 BY THE DIVISION
The petitioner was convicted by court trial of Attempted Sexual Assault 1st in violation of Connecticut Gen. Statutes 53a-70 (a)(1) and Attempted Murder (2 counts) in violation of Connecticut Gen. Statutes53a-54a(a). The trial court sentenced the petitioner to forty years; execution suspended after twenty years and five years probation. CT Page 8812-bf
On May 2, 1994 Fairfield Police responded to a call on Old South Road. Their investigation found that the defendant, a 1993 graduate of Hopkins School in New Haven admitted to a plot of violence. He had known the victim and had asked her out but she had rejected him. He conceived a plan to rape and murder twenty seven of his former classmates, then to flee to Australia and die.
On the night of May 2nd he purchased several items to assist in the rape and murder, including a knife, glue sun, duct tape and skewers. He then rented a violent video to get himself in the mood. He then drove over to the victim's home, ascertained that she was home and rang the front doorbell. He entered the home on the pretext that he needed motor vehicle assistance, and he pretended to use their phone. He sat with the victim and her father, eating and drinking. The victim recognized him as a former classmate.
After a half hour, Quinet pulled out a gun and placed. it against the victims head and ordered her to lie down. When the father entered the room he also ordered him to lie down. As defendant reached into a bag for duct tape, the father tackled defendant and subdued him until police arrived.
He confessed to police of his plans to kill his classmates, agreeing to speak to them without and attorney present. He had a list of female students, along with photos, addresses and phone numbers. He also had a number of accessories via which he was to inflict death or pain.
Counsel for the petitioner argued a series of reasons why the sentence should be reduced for the petitioner. He felt that the court was unduly influenced by the nature of the allegations and responded disproportionately to what might of happened versus what actually did happen.
Since the petitioner had no criminal record he felt the court over weighted the protection of society aspect of the sentence and the court failed to give sufficient regard to the serious mental illness suffered by the petitioner. Counsel agreed that some sentence of jail was appropriate for the petitioner's acts but the sentence imposed was too onerous and devoid of psychiatric and psychological ways to address the unique issues presented by the petitioner's mental illnesses.
Counsel, as he did with the sentencing court, proposed various alternatives to the panel that coupled lesser jail time with constructive CT Page 8812-bg psychiatric care subsequent to the incarceration period.
The state's attorney felt that the sentence the court imposed was reasonable. He felt the court took into consideration and balanced the mental illness of the petitioner, the crimes he committed and the need to protect society. He asked the panel to affirm the sentence.
The panel has carefully read the entire record presented to the sentencing judge. It has also read the record of the sentencing proceeding especially focusing on the remarks of the judge.
We agree that the sentencing court did focus on the protection of society from the petitioner. However, the court also gave appropriate consideration to the mental illness of the petitioner, especially to the finding of the Whiting Forensic Division report that the petitioner "may not be amenable to treatment and that he has not been candid with the staff."
Appropriately, the court also took into consideration the feelings of the victims when it imposed the sentence.
The Division's authority to modify a sentences is limited to those cases where a sentence is inappropriate or disproportionate in light of the nature of the offense, the character of the offender, the protection of the public interest and the deterrent, rehabilitative, isolative and denunciatory purposes for which the sentence was intended. (Practice Book § 43-28)
The issue of punishment for criminal acts that are borne from mental illness presents a very complicated menu for a sentencing court. What is enough punishment to deter, rehabilitate and protect society may become blurry in its execution. When possible future criminal acts, although unaccomplished enter the picture, courts reasonably must ponder the protection of society with greater concern. In this case the court balanced the acts of the petitioner, the possible future acts of the petitioner, and the overriding concern that the petitioner would never be rehabilitated or dissuaded from these acts due to the nature of his illness and arrived at a sentence. The panel finds that the sentence imposed for the acts the petitioner was convicted of was appropriate and not disproportional, It is AFFIRMED.
Norko, J., Klaczak, J. and O'Keefe, J. participated in this decision. CT Page 8812-bh